

**MASSACHUSETTS WATER RESOURCES AUTHORITY**

Charlestown Navy Yard
100 First Avenue
Boston, Massachusetts 02129

Telephone: (617) 242-6000
Facsimile: (617) 788-4899

Frederick A. Laskey
Executive Director

February 27, 2004

Office of the Clerk
United States District Court
U.S. Courthouse
One Courthouse Way
Suite 2300
Boston, Massachusetts 02210

     RE:   McNamara v. MWRA, et al., Middlesex Superior Court,
           Civil Action No. MICV2003-05065-L2

Dear Sir or Madam:

     Pursuant to Local Rule 81.1, this will confirm that on Friday, February 27, 2004, I filed with your office a certified copy of all records and proceedings, including all docket entries, on file with Middlesex Superior Court in reference to the above-entitled action.

     Thank you for your attention to this matter.

                    Very truly yours,

                    Bonnie Gillespie-Perry
                    Senior Staff Counsel

Enclosure

cc:   Gary G. Nolan, Esq.

Printed on 100% Recycled Paper

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

I, **Michael M. Brennan, Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts  within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. **MICV2003-05065** entered in the Superior Court on **12/15/2003.**

**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court, at said Lowell this 25th day of February, in the year of our Lord 2004

Michael M. Brennan,
Assistant Clerk



cvdremlett_1.wpd 2520151 removus ginger

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

# MICV2003-05065
## McNamara v Massachusetts Water Resources Authority et al

| | | | |
|---|---|---|---|
| **File Date** | 12/15/2003 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 02/23/2004 | **Session** | L2 - Cv time-stan 2 (Lowell) |
| **Origin** | 1 | **Case Type** | B15 - Defamation/libel/slander |
| **Lead Case** | | **Track** | A |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 03/14/2004 | **Answer** | 05/13/2004 | **Rule12/19/20** | 05/13/2004 |
| **Rule 15** | 03/09/2005 | **Discovery** | 02/02/2006 | **Rule 56** | 04/03/2006 |
| **Final PTC** | 08/01/2006 | **Disposition** | 12/14/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Thomas J. McNamara
Active 12/15/2003

**Private Counsel 634907**
Gary G Nolan
Nolan / Perroni, LLP
133 Merrimack Street
Lowell, MA 01852
Phone: 978-454-3800
Fax: 978-454-2767
Active 12/15/2003 Notify

**Defendant**
Massachusetts Water Resources Authority
Served: 02/05/2004
Served (answr pending) 02/05/2004

**Private Counsel 554747**
Bonnie M Gillespie-Perry
Mass Water Resources Authority
100 First Avenue
Charlestown Navy Yard
Boston, MA 02129
Phone: 617-242-6000
Fax: 617-241-6025
Active 02/25/2004 Notify

**Defendant**
Leroy  Walker, Individually & Agent
Served: 02/05/2004
Served (answr pending) 02/05/2004

*** See Attorney Information Above ***

**Defendant**
Peter  Yarrosi, Individually & Agent
Served: 02/05/2004
Served (answr pending) 02/05/2004

*** See Attorney Information Above ***

MIDDLESEX, ss.    Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

in testimony that the foregoing is a true copy on file
and of record made by photographic process. I hereunto
set my hand and affix the seal of said Superior court
this 25th day of february, 2004.

Deputy    Assistant Clerk

Commonwealth of Massachusetts
MIDDLESEX SU⁻ERIOR COURT
Case Summary
Civil Docket

## MICV2003-05065
## McNamara v Massachusetts Water Resources Authority et al

**Defendant**                                    *** See Attorney Information Above ***
Carolyn Fiore, Individually & Agent
Served: 02/05/2004
Served (answr pending) 02/05/2004

**Defendant**                                    *** See Attorney Information Above ***
Victor L'Esperance, Individually & Agent
Served: 02/05/2004
Served (answr pending) 02/05/2004

**Defendant**                                    *** See Attorney Information Above ***
Karen Bailey, Individually & Agent
Served: 02/05/2004
Served (answr pending) 02/05/2004

| | | ENTRIES |
|---|---|---|

| Date | Paper | Text |
|---|---|---|
| 12/15/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 12/15/2003 | | Origin 1, Type B15, Track A. |
| 02/05/2004 | 2.0 | Certificate of service of Gary G Nolan re: Massachusetts Water Resources Authority, Leroy Walker, Individually & Agent, Peter Yarrosi, Individually & Agent, Carolyn Fiore, Individually & Agent, Victor L'Esperance, Individually & Agent, Karen Bailey, Individually & Agent |
| 02/23/2004 | 3.0 | Notice for Removal to the United States District Court filed by Massachusetts Water Resources Authority |
| 02/23/2004 | | Case REMOVED this date to US District Court of Massachusetts |

| | | EVENTS |
|---|---|---|

| Date | Session | Event | Result |
|---|---|---|---|
| 12/15/2004 | Cv time-stan 2 (Lowell) | Status: Review Annual Fee | |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL DOCKET NO.:

**03-5065**

THOMAS J. MCNAMARA,
          Complainant

v.

MASSACHUSETTS WATER RESOURCES
AUTHORITY, LEROY WALKER, PETER
YARROSI, CAROLYN FIORE, VICTOR
L'ESPERANCE and KAREN BAILEY,
Individually and in their capacities as Agents
of the Massachusetts Water Resources
Authority,
          Respondents

**COMPLAINT AND JURY DEMAND**

FILED
IN THE OFFICE OF THE
CLERK OF THE COURT
12/15/03 10:46:00   1463 CLERK E
DEC 15 2003   CIVIL       240.00
                         SURCHARGE   15.00
                         SUMMONS     30.00
                         SECC        20.00
                         035065 #
CLERK                    SUBTTL     305.00
                         TOTAL    305.00
                         CHECK      305.00

PARTIES

1.      Thomas J. McNamara is an individual residing in the City of Lowell, Middlesex County,
Commonwealth of Massachusetts.

2.      The defendant Massachusetts Water Resources Authority (hereinafter "MWRA") is a
Massachusetts public authority established by Chapter 372 of the Acts of 1984. It has a principal
place of business in Boston, Suffolk County, Massachusetts.

3.      The defendant Leroy Walker, at all times herein relevant, was an agent, servant and
employee of the MWRA. He is named both individually and in his capacity as an agent of the
MWRA. He resides in Milton, Norfolk County, Massachusetts.

4.      The defendant Peter Yarrosi, at all times herein relevant, was an agent, servant and
employee of the MWRA. He is named both individually and in his capacity as an agent of the
MWRA. He resides in Beverly, Essex County, Massachusetts.

5.      The defendant Carolyn Fiore, at all times herein relevant, was an agent, servant and
employee of the MWRA. She is named both individually and in his capacity as an agent of the
MWRA. She resides in Lexington, Middlesex County, Massachusetts.

6.      The defendant Victor L'Esperance, at all times herein relevant, was an agent, servant and
employee of the MWRA. He is named both individually and in his capacity as an agent of the
MWRA. He resides in Salem, Essex County, Massachusetts.

7.    The defendant Karen Bailey, at all times herein relevant, was an agent, servant and employee of the MWRA.  She is named both individually and in his capacity as an agent of the MWRA.  She resided in Andover, Essex County, Massachusetts.

## FACTS

8.    Plaintiff has been employed by the respondent MWRA for more than ten years.

9.    Plaintiff is a Veteran of the United States Marines, with service in the Viet-Nam War from 10/68 - 11/69, with primary duties in combat and combat support.

10.    In 1996, plaintiff was evaluated by the United States Department of Veterans Affairs and it was determined that he was suffering from Service Related Post Traumatic Stress disorder, resulting in a 30% service related disability.

11.    In 1998, the Department of Veterans Affairs increased from 30% to 50% the disabling effect of plaintiff's service related Post Traumatic Stress Disorder.

12.    In 1998, plaintiff provided the MWRA with medical documentation of his disability, together with documents supporting that said disability prevented plaintiff from driving a vehicle.

13.    Shortly thereafter, plaintiff was ordered by the MWRA to perform a job that required him to drive a Van.

14.    Plaintiff requested that the MWRA accommodate his disability by allowing plaintiff to perform job duties that did not require driving.

15.    When the MWRA refused to accommodate plaintiff, he filed a complaint with the United States Department of Labor, Office of Federal Contract Compliance, alleging discrimination based on plaintiff's disability in violation of the American's with Disabilities Act, and discrimination in violation of Section 503 of the Rehabilitation Act of 1973.

16.    Following the filing of said complaint, Management at the MWRA became hostile toward plaintiff, particularly Leroy Walker, Peter Yarossi, Carolyn Fiore, Karen Bailey and Jonathan Yeo, all of who are MWRA supervisors.

17.    Subsequent to the filing the above complaint, but prior to the resolution of same, a member of management, William Lazaris, drafted a memorandum attributing the following statement to Peter Yarossi, Regional Manager:  "Tom McNamara hates me and I don't like him. I am out to get him, Carolyn Fiore is out to get him, Karen Bailey is out to get him and Jonathan Yeo is still probably out to get him."

18.    Mr. Lazaris reported to his supervisor, Kevin McManus, that Mr. Yarossi was "very serious" when he made the statement about being "out to get" Tom McNamara.

19.    When plaintiff later learned of these statements, he perceived them to be threatening.

20.    Upon information and belief, the MWRA Human Resources Department was informed of the statement of Mr. Yarossi. Human Resources, through Karen Gay Valenti, alleged that they conducted a 6-month investigation into these threats but took no action.

21.    In May 2000 plaintiff withdrew the former complaint alleging discrimination when the MWRA, in negotiations with the Department of Labor, agreed to accommodate his disability.

22.    Thereafter, plaintiff's employers fostered a hostile attitude toward me.

23.    In addition to making statements that they were "out to get me," plaintiff was informed by an MWRA employee that he, plaintiff, was physically restricted to certain areas within the MWRA. Upon information and belief, the restriction was ordered by defendant Peter Yarrosi.

24.    It is common knowledge at MWRA that many employees in plaintiff's department are licensed gun owners, including his supervisor, William Lazaris.

25.    Mr. Lazaris and others have helped to train employees to prepare to obtain firearms licenses.

26.    On January 8, 2001, plaintiff was issued a firearms license by the City of Lowell.

27.    Prior to this date, plaintiff had often discussed firearms with MWRA employees, including his supervisor, Mr. Lazaris, and employee Joseph Bibbo.

28.    On January 9, 2001, plaintiff informed his supervisor and Mr. Bibbo that he received his firearms license, and at that time Mr. Bibbo and plaintiff discussed possible places to purchase a firearm. Mr. Bibbo suggested a store in Woburn, Massachusetts. Upon belief, Peter Yarrosi overheard this conversation.

29.    Over the course of the next two days, Leroy Walker, director of Human Resources, attempted to interview Mr. Bibbo about said conversation relative to possible places to purchase a firearm.

30.    On January 11, 2001, Mr. Walker interviewed Mr. Bibbo.

31.    According to Mr. Bibbo, Mr. Walker asked only if Plaintiff asked him where he could purchase a gun.

32.    When Bibbo replied that he and plaintiff had a conversation about where a licensed individual could purchase a firearm, Walker responded that he wanted to hear nothing further other than whether it was true that such a conversation took place and immediately dismissed Bibbo.

33.    Bibbo told Leroy Walker that the conversation was only a conversation between two individuals interested in firearms for sport, and that it was in no way threatening and in no way did plaintiff constitute a danger.

34.    Mr. Walker then drafted a letter telling plaintiff that he was placed on administrative leave without pay, effective January 11, 2001.

35.    Kevin McManus presented the letter to plaintiff and told McNamara that he would have to be examined for a fitness for duty.

36.    In front of many of plaintiff's co-workers, McNamara was immediately escorted off the MWRA premises.

37.    Mr. Walker immediately hired a Police Detail to ensure that plaintiff did not return to MWRA.

38.    The following day, Mr. Walker circulated a memorandum to MWRA Receptionists and Information Aides stating that plaintiff was not to be allowed on MWRA premises until further notice, and that anyone who saw plaintiff should immediately call "911" and ask the police to contact the police detail officer.

39.    The memorandum had attached to it an enlarged photograph of plaintiff's MWRA identification badge.

40.    This memorandum was widely viewed by plaintiff's co-workers.

41.    Another Viet-Nam veteran, MWRA employee James Murphy, wrote a memorandum to Mr. Walker dated January 16, 2001, complaining that said memorandum and photograph were placed on the fax table in "plain view for everyone to see."

42.    On January 12, 2001, due to employee concern about police presence, Mr. Walker held a meeting at 11:15 am and told MWRA employees that he had plaintiff removed and was ordering a fitness for duty exam.

43.    According to employees at the meeting, Mr. Walker stated that he had "re-evaluated" the situation and determined that no threat existed.

44.    On January 19, 2001, despite the fact that Walker told employees on January 12 that no threat existed, a physician examined plaintiff designated by the MWRA and was deemed fit for duty, and a report confirming it was sent to defendant Walker.

45.    Plaintiff was allowed to return to work on January 29, 2001.

46.    On February 1, 2001, plaintiff legally purchased a firearm and subsequently went to a shooting range with his supervisor, Mr. Lazaris.

47.    Despite the fact that Walker told employees on January 12 that he felt no threat existed, and despite clearance to return to work on January 29, 2001, on February 13, 2001, Victor L'Esperance, the MWRA security manager, called the State Police and complained about plaintiff.

48.    As a result of the call from defendant L'Esperance, the State Police called Lt. Arthur Boyle of the Lowell Police, License Division, and asked him to call MWRA.

47.    L'Esperance told the Lowell Police that "McNamara had a problem with a woman at work and made statements that he had a gun."

48.    The statement by L'Esperance to the Lowell Police was maliciously false and defamatory.

49.    Lt. Boyle asked plaintiff to turn in his license and firearm pending an investigation.

50.    On February 28, 2001, Lt. Boyle had a conversation with Leroy Walker, during which Walker stated, "he had reports of a complaint made three years ago and a fitness for duty report" which defendant Walker agreed to fax to the Lowell Police.

51.    MWRA never supplied the Lowell Police with evidence of any prior complaints against plaintiff as described by Walker or L'Esperance, nor did they produce documents supporting the allegation that plaintiff had a "problem with a woman."

52.    Upon information and belief, MWRA employees called by Lt. Boyle were specifically instructed not to return Officer Boyle's call, and were told not to speak to the Lowell Police about the situation.

53.    Specifically with respect to the previous paragraph, Lt. Boyle called Kevin McManus to inquire about the allegations against me. Because McManus would have informed Lt. Boyle that the allegations made by the MWRA were false, Kate Murray, of the Executive Office of the MWRA, instructed McManus not to speak to Lt. Boyle. According to the Lt. Boyles report, McManus never returned the Boyle's call.

54.    On March 15, 2001, Lt. Boyle received a call from Jonathan Barnes, who stated he was calling on behalf of Leroy Walker, who told Lt. Boyle that the whole incident was a "misunderstanding.

55.    On March 15, 2001, plaintiff was contacted by the Lowell Police and was told to come pick up his license and legal firearm.

56.    Thereafter, the defendants continued to threaten, harass and retaliate against plaintiff.

57.    The above conduct, culminating with the suspension of plaintiff on January 11, 2001 and subsequent false statements to the Lowell Police was conduct that was part of a pattern of retaliation and harassment, which constitutes a continuing violation of the law.

58.    Plaintiff suffered great emotional distress and financial damage to the conduct of the defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

59.    To the extent that Plaintiff's Claims arise under G.L. c. 151B, Plaintiff filed a timely complaint with the Massachusetts Commission Against Discrimination, which complaint was ultimately withdrawn in order to file this complaint in the Superior Court Department.  See attached MCAD Dismissal Letter (Exhibit A).

## COUNT I – DISABILITY DISCRIMINATION
### All Defendants

60.    The plaintiff realleges and incorporates by reference his allegations contained in the paragraphs above.

61.    The defendants illegally discriminated against Plaintiff based on his Disability in violation of Massachusetts Law.

62.    As a result of Defendants actions, plaintiff suffered a loss of wages, benefits and reputation, as well as emotional distress and pain.

## COUNT 11 – RETALIATION
### All Defendants

63.    The plaintiff realleges and incorporates by reference his allegations contained in the paragraphs above.

64.    The conduct of the defendants constitutes illegal retaliation, both by the defendants individually and in their capacity as agents of the MWRA, due to plaintiff's filing of a previous complaint alleging discrimination based on his service related disability.

65.    The defendants' retaliatory conduct caused him to be subject to a severe and continuing pattern of harassment, defamation and disparate treatment due to plaintiff's decision to pursue a complaint of discrimination.

66.    As a result of Defendants actions, plaintiff suffered a loss of wages, benefits and reputation, as well as emotional distress and pain.

## COUNT III – INTERFERENCE WITH RIGHTS
### All Defendants

67.    The plaintiff realleges and incorporates by reference his allegations contained in the paragraphs above.

68.    All defendants interfered with Plaintiff's rights as provided in G.L. c. 151B, and by the Second Amendment to the United States Constitution.

69.    As a result of Defendants actions, plaintiff suffered a loss of wages, benefits and reputation, as well as emotional distress and pain.

## COUNT IV – AIDING AND ABETTING
### All Defendants

70.    The plaintiff realleges and incorporates by reference his allegations contained in the paragraphs above.

71.    All defendants aided and abetted in discrimination, retaliation and interference with rights in violation of G.L. c. 151B.

72.    As a result of Defendants actions, plaintiff suffered a loss of wages, benefits and reputation, as well as emotional distress and pain.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### All Defendants

73.    The plaintiff realleges and incorporates by reference his allegations contained in the paragraphs above.

74.    The defendants' conduct, including but not limited to their intimidation, defamation, slander and retaliation constitutes conduct which is extreme and outrageous, which has caused plaintiff severe emotional distress in violation of Massachusetts' Law.

75.    As a result of Defendants actions, plaintiff suffered a loss of wages, benefits and reputation, as well as emotional distress and pain.

## COUNT VI – DEFAMATION
### All Defendants

76.    The plaintiff realleges and incorporates by reference his allegations contained in the paragraphs above.

77.    The defendants made and published false statements about plaintiff, thereby exposing him to ridicule or contempt in the community and in his place of employment in violation of Massachusetts' law.

78.    As a result of Defendants actions, plaintiff suffered a loss of wages, benefits and reputation, as well as emotional distress and pain.

### COUNT VII
Violation of Section 503 of the Rehabilitation Act of 1973, as amended and the Vietnam Era
Veteran's Readjustment Assistance Act of 1974, as amended. *38 U.S.C. 4212*.
All Defendants

79.    The plaintiff realleges and incorporates by reference his allegations contained in the paragraphs above.

80.    The conduct of the Defendants was retaliatory in violation of Executive Order 11246, as amended, Section 503 of the Rehabilitation Act of 1973, as amended and the Vietnam Era Veteran's Readjustment Assistance Act of 1974, as amended. *38 U.S.C. 4212*.

81.    As a result of Defendants actions, plaintiff suffered a loss of wages, benefits and reputation, as well as emotional distress and pain.

### COUNT VIII – INVASION OF PRIVACY
Defendants MWRA and Walker

82.    The plaintiff realleges and incorporates by reference his allegations contained in the paragraphs above.

83.    The action of the defendants in forwarding medical records to the Lowell Police Department, for the purpose of retaliation and harassment, without my authorization for the release of such records, constitutes an invasion of privacy in violation of the Massachusetts Constitution and its General Laws.

84.    As a result of Defendants actions, plaintiff suffered a loss of wages, benefits and reputation, as well as emotional distress and pain.

WHEREFORE THE PLAINTIFF REQUESTS THAT THE COURT ORDER:

   a.    that the plaintiff be compensated for any loss of wages and or benefits incurred as a result of the unlawful acts;
   b.    that the plaintiff be awarded an amount of money which will fairly compensate him for the emotional and physical pain and damage to him, including his reputation and earning capacity;
   c.    that the defendants pay the plaintiff's costs and attorney's fees resulting from this action;
   d.    that that defendants pay interest on any judgment calculated from the date that plaintiff file his MCAD Complaint;
   e.    that the defendants pay Punitive Damages; and
   f.    such relief as the Court deems just and appropriate.



**Ex. A**

THE COMMONWEALTH OF MASSACHUSETTS
# COMMISSION AGAINST
# DISCRIMINATION
### ONE ASHBURTON PLACE
**BOSTON, MA 02108-1518**

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

| | |
|---|---|
| **TO:** | **File** |
| **FR:** | **Robin Edwards** |
| **RE:** | **Thomas J. McNamara v. MWRA, et al** |
| **MCAD #** | **01BEM1780** |
| **EEOC #** | **16CA12366 (25+ employees)** |
| **DATE:** | **September 30, 2003** |

## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On June 27, 2001 Complainant filed a complaint with the Massachusetts Commission Against Discrimination. Complainant alleged Respondents discriminated against him on or around February 28, 2001 on the basis of Disability in violation of M.G.L. c.151B §4 (16) ADA and Title VII.

On July 3, 2003 Complainant's Counsel submitted a request to withdraw the complaint from the MCAD in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.

Robin Edwards
Administrative Assistant
MCAD, AAU

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        LOWELL DIVISION
                                        DOCKET NO. MICV2003-5065-L2

---

THOMAS J. MCNAMARA,
         Plaintiff

v.

MASSACHUSETTS WATER RESOURCES          **AFFIDAVIT**
AUTHORITY, LEROY WALKER, PETER
YARROSI, CAROLYN FIORE, VICTOR
L'ESPERANCE and KAREN BAILEY,
Individually and in their
capacities as Agents of the
Massachusetts Water Resources
Authority,
         Defendants

---



I, Gary G. Nolan, do depose and say as follows:

Purusant to M.R.C.P. 4(d)(5), on January 26, 2004, I
mailed by certified mail, return receipt requested a copy
of the Summons, Complaint and Jury Demand, Statement of
Damages, Civil Action Cover Sheet, Tracking Order and
Plaintiff's Request for Production of Documents to the
defendant, Edward J. Laske, Director, Massachusetts Water
Resource Authority, 100 First Avenue, Boston, MA.  The
original return receipt card is attached hereto.

Signed under the pains and penalties of perjury this
29th day of January 2004.

Gary G. Nolan, Esquire
Nolan|Perroni, LLP
BBO#: 634907
133 Merrimack Street
Lowell, MA  01852
(978) 454-3800

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV2003-5065-L2

.................MIDDLESEX.................. , ss
[seal]

THOMAS J. MCNAMARA............ , Plaintiff(s)

v.

MASSACHUSETTS WATER
RESOURCES AUTHORITY., Defendant(s)
ET ALS

## SUMMONS

To the above-named Defendant: Edward J. Laske, Director, Massachusetts Water
Resources Authority, 100 First Ave., Charlestown,
You are hereby summoned and required to serve upon ...Gary.G..Nolan............................. MA

............................................. plaintiff's attorney, whose address is .................................
133 Merrimack Street,

.........Lowell,.MA...01852............................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .....Lowell..................

.................................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ............Lowell.......................................

the ....................26th................................... day of ........January..........................................

....................., in the year of our Lord .two.thousand.four..

Edward J Sullivan
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Edward J. Laske, Director
Mass. Water Resource Authority
100 First Ave.
Boston, MA  02129

*COMPLETE THIS SECTION ON DELIVERY*

A. Received by *(Please Print Clearly)* | B. Date of Delivery
A. Szmbcdc

C. Signature
X A. Szmbcdc

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number *(Copy from service label)*

7003 1010 0004 7829 0576

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952



COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL DOCKET NO.: MICV2003-05065-L2

3

04  10356 WGY



| | |
|---|---|
| THOMAS J. MCNAMARA,<br>Plaintiff | )<br>)<br>) |
| v. | )<br>)<br>) |
| MASSACHUSETTS WATER RESOURES<br>AUTHORITY, LEROY WALKER, PETER<br>YARROSI, CAROLYN FIORE, VICTOR<br>L'ESPERANCE and KAREN BAILEY,<br>Individually and in their capacities as Agents<br>Of the Massachusetts Water Resources<br>Authority,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

FEB 23 2004

_Edward J. Sullivan_
CLERK

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446

Pursuant to 28 United States Code, § 1446, the Massachusetts Water Resources Authority (MWRA), Leroy Walker (Walker), Peter Yarrosi (Yarrosi), Carolyn Fiore (Fiore), Victor L'Esperance (L'Esperance), Karen Bailey (Bailey), defendants in a state lawsuit captioned Thomas J. McNamara v. MWRA, et al., Middlesex Superior Court Civil Action No. MICV2003-05065-L2 (the State Court Action), request the removal of the State Court Action to the United States District Court for the District of Massachusetts.

The basis for the Notice of Removal is that the State Court Action asserts claims arising under the laws of the United States, i.e., section 503 of the Rehabilitation Act of

1973, as amended, Vietnam Era Veteran's Readjustment Assistance Act of 1974, as amended and the Second Amendment to the United States Constitution.

Filing of the instant notice of removal is timely pursuant to 28 U.S.C. § 1446(b), as the defendant MWRA, was served on January 27, 2004 with the summons and complaint in the State Court Action, defendants, Walker, Yarrosi, Fiore, L'Esperance, and Bailey were each served with the summons and complaint in the State Court Action on January 26, 2004.

Attached hereto are copies of the Complaint and Demand For Jury Trial; the summonses served upon defendants MWRA, Leroy Walker, Peter Yarrosi, Carolyn Fiore, Victor L'Esperance, Karen Bailey; discovery propounded to various defendants; and the Middlesex Superior Court Tracking Order.

Respectfully submitted,

MASSACHUSETTS WATER
RESOURCES AUTHORITY,
LEROY WALKER, PETER YAROSSI,
CAROLYN FIORE, VICTOR
L'ESPERANCE AND KAREN BAILEY,
Defendants

By their attorney,

Bonnie Gillespie-Perry
Senior Staff Counsel
BBO #554747
MWRA
100 First Avenue
Charlestown Navy Yard
Boston, Massachusetts  02129
(617) 788-1181

Dated:  February 23, 2004

2

## CERTIFICATE OF SERVICE

I, Bonnie Gillespie-Perry, hereby certify that on this 23th day of February, 2004, I served the foregoing by causing a copy of the Notice of Removal Pursuant to 28 U.S.C. § 1446 to be mailed, first class postage prepaid, to the following:

Gary G. Nolan, Esq.
Nolan Perroni LLP
133 Merrimack Street
Lowell, Massachusetts 01852

_Bonnie Gillespie-Perry_
Bonnie Gillespie-Perry

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-5065 | Trial Court of Massachusetts Superior Court Department County: Middlesex  |
|---|---|---|

| PLAINTIFF(S) Thomas J. McNamara | DEFENDANT(S) Massachusetts Water Resources Authority, et al |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Gary G. Nolan, Esq. Nolan[Perroni, LLP 133 Merrimack St., Lowell, MA 01852 Board of Bar Overseers number: 634907 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B15/B22/B99 | Tort-Employment Disc | ( F ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
                                  Subtotal $. . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 100,000.00
F. Other documented items of damages (describe)
                                            $. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
  Defendants defamed, slandered and retaliated against plaintiff, a
  disabled Vietnam Veteran, in response to plaintiff's filing of a
  Federal Complaint for Disability Discrimination.
                            $. . . . . . . . . . .
                           TOTAL $. 100,000.00

*Stamp:* FILED IN THE OFFICE OF THE CLERK OF THE COURTS ...SEX DEC 15 2003 *Edward J. Sullivan* CLERK

### CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                           TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 12/9/03

AOTC-6 mtc005-11/99

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2003-05065-L2**

RE:    **McNamara v Massachusetts Water Resources Authority**

TO:Gary G Nolan, Esquire
Nolan / Perroni, LLP
133 Merrimack Street
Lowell, MA 01852

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/14/2004 |
| Response to the complaint filed (also see MRCP 12) | 05/13/2004 |
| All motions under MRCP 12, 19, and 20 filed | 05/13/2004 |
| All motions under MRCP 15 filed | 03/09/2005 |
| All discovery requests and depositions completed | 02/02/2006 |
| All motions under MRCP 56 served and heard | 04/03/2006 |
| Final pre-trial conference held and firm trial date set | 08/01/2006 |
| Case disposed | 12/14/2006 |

The final pre-trial deadline is **not the scheduled date of the conference.**  You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **L2** sitting **in Cv CrtRm 2 (Lowell), Middlesex Superior Court.**

Dated: 12/15/2003

Edward J. Sullivan,
Clerk of Courts

BY:

Martha Fulham
Assistant Clerk

Location: Cv CrtRm 2 (Lowell)
Telephone: 978-453-0201 EXT 231