UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN -1  P 3: 12

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| THOMAS J. MCNAMARA,<br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS WATER RESOURCES<br>AUTHORITY, LEROY WALKER, PETER<br>YARROSI, CAROLYN FIORE, VICTOR<br>L'ESPERANCE and KAREN BAILEY,<br>Individually and in their capacities as Agents<br>Of the Massachusetts Water Resources<br>Authority,<br>    Defendants | C.A. NO. 0410356WGY |

ANSWER AND JURY DEMAND OF MASSACHUSETTS WATER RESOURCES
AUTHORITY, LEROY WALKER, PETER YARROSI, CAROLYN FIORE,
VICTOR L'ESPERANCE, KAREN BAILEY TO THE PLAINTIFF'S COMPLAINT

FIRST DEFENSE

The Complaint of the plaintiff fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The allegations contained in the plaintiff's complaint are barred by the applicable statute of limitations.

THIRD DEFENSE

The defendants Massachusetts Water Resources Authority (hereinafter MWRA) Leroy Walker (hereinafter Walker), Peter Yarrosi (hereinafter Yarrosi), Carolyn Fiore (hereinafter Fiore), Victor L'Esperance (hereinafter L'Esperance), Karen Bailey

(hereinafter Bailey) respond to the plaintiff's complaint solely as they pertain to each defendant paragraph by paragraph as follows:

1.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's complaint.

2.    The defendant MWRA admits the allegations in paragraph 1 of the plaintiff's complaint.

3.    The defendant Walker admits the allegations in paragraph 3 of the plaintiff's complaint.

4.    The defendant Yarrosi admits the allegations in paragraph 4 of the plaintiff's complaint.

5.    The defendant Fiore admits the allegations in paragraph 5 of the plaintiff's complaint.

6.    The defendant L'Esperance admits the allegations in paragraph 6 of the plaintiff's complaint.

7.    The defendant Bailey admits the allegations in paragraph 7 of the plaintiff's complaint.

8.    The defendants' MWRA, Walker and Fiore admit the allegations contained in paragraph 8 of the plaintiff's complaint. The remaining defendant's are without knowledge of information as to the truth the allegations contained in paragraph 8 of the plaintiff's complaint.

9-11.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9-11 of the plaintiff's complaint.

12-13. The MWRA denies the allegations contained in paragraphs 12-13 of the plaintiff's complaint.  The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12-13 of the plaintiff's complaint.

14-15. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14-15 of the plaintiff's complaint.

16.     The defendants deny the allegations contained in paragraph 16 of the plaintiff's complaint.

17-19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 17-19 of the plaintiff's complaint.

20.     The defendants MWRA and Walker deny the allegations contained in paragraph 20 of the plaintiff's complaint.  The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the plaintiff's complaint.

21.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the plaintiff's complaint.

22.    The defendants denies the allegation contained in paragraph 22 of the plaintiff's complaint.

23.    The defendants deny the allegations contained in paragraph 23 of the plaintiff's complaint.

24-28. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 24-28 of the plaintiff's complaint.

29.    The defendants MWRA and Walker deny the allegation contained in paragraph 29 of the complaint.  The remaining defendants are without knowledge or information as to the truth of the allegations contained in paragraph 29 of the plaintiff's complaint.

30.    The MWRA and Walker admit that Walker spoke with Joseph Bibbo but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the plaintiff's complaint.  The remaining defendants are without knowledge or information as to the truth of the allegations contained in paragraph 30 of the plaintiff's complaint.

31-33. The defendants MWRA and Walker denies the allegations contained in paragraph 31-33 of the plaintiff's complaint.  The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 31-33 of the plaintiff's complaint.

34-35. The defendants MWRA and Walker admit that the plaintiff was placed on administrative leave, but deny the remaining allegations in paragraph 34 of the

plaintiff's complaint. The remaining defendants are without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 34 of the plaintiff's complaint.

36.    The defendants are without knowledge or information as to the truth of the allegations contained in paragraph 36 of the plaintiff's complaint.

37.    The defendant MWRA and Walker admit that the MWRA hired a police detail, but deny the remaining allegations contained in paragraph 37 of the plaintiff's complaint. The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 37 of the plaintiff's complaint.

38.    The defendants MWRA and Walker admit that a memorandum was sent out on a "needs to know basis", but deny the remaining allegations contained in paragraph 38 of the plaintiff's complaint. The remaining defendants are without knowledge or information as to the truth of the allegations contained in paragraph 38 of the plaintiff's complaint.

39.    The defendants MWRA and Walker admit the allegation contained in paragraph 39 of the plaintiff's complaint. The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the complaint.

40-41. The defendants are without knowledge or information as to the truth of the allegations contained in paragraphs 40-41 of the plaintiff's complaint.

42-43. The defendants deny the allegations contained in paragraphs 42-43 of the plaintiff's complaint.

## COUNT IV
## AIDING AND ABETTING

70.     The defendants repeat and reaver the allegations contained in paragraphs

1-59 of the plaintiff's complaint as if fully restated herein.

71-72. The defendants deny paragraphs 71-72 of the plaintiff's complaint.

## COUNT V
## INTENTIONAL INFLICATION OF EMOTION DISTRESS
### (except MWRA)

73.     The defendants repeat and reaver the allegations contained in paragraphs

1-59 of the plaintiff's complaint as if fully restated herein.

74-75. The defendants deny the allegations contained in paragraph 74-75 of the

plaintiff's complaint.

## COUNT VI
## DEFAMATION

76.     The defendants repeat and reaver the allegations contained in paragraphs

1-59 of the plaintiff's complaint as if fully restated herein.

77-78. The defendants deny the allegations contained in paragraph 77-78 of the

plaintiff's complaint.

## COUNT VII

79.     The defendants repeat and reaver the allegations contained in paragraphs

1-59 of the plaintiff's complaint as if fully restated herein.

80-81. The defendants deny the allegations contained in paragraph 80-81 of the

plaintiff's complaint.

## COUNT VIII

(AS TO MWRA AND WALKER)
INVASION OF PRIVACY

82.    The defendants MWRA and Walker repeat and reaver their responses to the allegations contained in paragraphs 1-59 of the plaintiff's complaint as if fully restated herein.

83-84. The defendants deny the allegations contained in paragraph 83-84 of the plaintiff's complaint.

FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred to the extent that it is based on alleged events which occurred outside the time period provided for under the applicable statute(s) of limitations.

FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred to the extent that the doctrine of laches applies.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred to the extent that he failed to exhaust the applicable administrative remedies.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has suffered no damages as a result of the conduct alleged in the Complaint.

EIGHTH AFFIRMATIVE DEFENSE

44.    The defendants MWRA and Walker admit that the plaintiff underwent a fitness for duty exam on January 19, 2001, but, deny the remaining allegations contained in paragraph 44 of the plaintiff's complaint.  The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the plaintiff's complaint.

45.    The defendants MWRA and Walker admit the allegations contained in paragraph 45 of the plaintiff's complaint.  The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the plaintiff's complaint.

46.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the plaintiff's complaint.

47.    The defendant L'Esperance denies the allegation contained in paragraph 47 of the plaintiff's complaint.  The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 47 of the plaintiff's complaint.

48.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the plaintiff's complaint.

47. (sic)The defendants are without knowledge or information as to the truth of the allegations contained in paragraph 47 of the plaintiff's complaint.

48.    The MWRA and L'Esperance deny the allegations contained in paragraph 48 of the plaintiff's complaint. The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the plaintiff's complaint.

49.    The defendants are without knowledge or information as to the truth of the allegations contained in paragraph 49 of the plaintiff's complaint.

50.    The defendant Walker admits that he had a conversation, but denies the remaining allegations contained in paragraph 50 of the plaintiff's complaint. The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the plaintiff's complaint.

51.    The defendants MWRA, Walker, and L'Esperance deny the allegations contained in paragraph 51 of the plaintiff's complaint. The remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the plaintiff's complaint.

52.    The defendants are without knowledge as to the truth of the allegations contained in paragraph 52 of the plaintiff's complaint.

53-54. The defendants are without knowledge or information as to the truth of the allegations contained in paragraphs 53-54 of the plaintiff's complaint.

55.    The defendants are without knowledge or information as to the truth of the allegations contained in paragraph 55 of the plaintiff's complaint.

56-57. The defendants deny the allegations contained in paragraphs 56-57 of the plaintiff's complaint.

58.    The defendants are without knowledge or information as to the truth of the allegations contained in paragraph 58 of the plaintiff's complaint.

59.    The defendants deny the allegations contained in paragraph 59 of the plaintiff's complaint.

COUNT I
DISABILITY DISCRIMINATION

60.    The defendants repeat the reaver their responses to the allegations contained in paragraphs 1-59 as it fully restated herein.

61-62.  The defendants deny the allegations contained in paragraphs 61-62 of the plaintiff's complaint.

COUNT II
RETALIATION

63.    The defendants repeat and reaver their responses to the allegations contained in paragraphs 1-59 as it fully restated herein.

64-66.  The defendants deny the allegations contained in paragraph 64-66 of the plaintiff's complaint.

COUNT III
INTERFERENCE WITH RIGHTS

67.    The defendants repeat and reaver their responses to the allegations contained in paragraphs 1-59 as it fully restated herein.

68-69.  The defendants deny the allegations contained in paragraphs 68-69 of the plaintiff's complaint.

To the extent the Plaintiff has suffered damages as a result of the conduct alleged in the Complaint, which the Defendants deny, the Defendants' conduct was not the legal or proximate cause of those damages.

### NINETH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred to the extent that he failed to mitigate his alleged damages.

### TENTH AFFIRMATIVE DEFENSE

The Defendants' alleged actions were taken for legitimate business reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of claim splitting.

### TWELVETH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred to the extent that the Defendant's alleged actions were taken in accordance with the applicable collective bargaining agreement.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by contributory and/or comparative negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

The MWRA is immune from liability pursuant to St. 1984, c. 372, §6(f) for acts and omissions involving the exercise of administrative function involving the

11

determination of a fundamental governmental policy and exercise of a discretionary function or duty.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's intentional infliction of emotion distress claim is barred by the exclusivity provision of G.L. c. 152.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because the Defendants were privileged to disclose defamatory information that was reasonably necessary to serve the employer's legitimate interest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff suffered injury or damage as alleged, such injury or damage was caused by a person or persons for whose conduct the Defendants were not legally responsible.

WHEREFORE, the Defendants, request that the Court:

1.    Dismiss the above-captioned action and each count therein with prejudice;

2.    Award the Defendants their costs and attorney's fees as permitted by law; and

3.    Grant the Defendants such other and further relief as this Court deems appropriate.

## JURY DEMAND

The Defendants demand a trial by Jury.

MASSACHUSETTS WATE
RESOURCES AUTHORITY,
LEROY WALKER, PETER YARROSI,
CAROLYNE FIORE, VICTOR
L'ESPERANCE AND KAREN BAILEY,
Defendants

By their attorney,

*Bonnie Gillespie Perry*

Bonnie Gillespie-Perry (BBO #554747)
Senior Staff Counsel
John W. Bishop, Jr. (BBO #043840)
Acting Associate General Counsel
Massachusetts Water Resources
 Authority
Charlestown Navy Yard
100 First Avenue
Boston, MA  02129
(617) 788-1181

Dated:  May 28, 2004

## CERTIFICATE OF SERVICE

I, Bonnie Gillespie-Perry, hereby certify that on the 28th day of May, 2004, I served the foregoing Answer of Massachusetts Water Resources Authority, Leroy Walker, Peter Yarrosi, Carolyn Fiore, Victor L'Esperance, Karen Bailey to the Plaintiff's Complaint by causing a copy to be mailed to:

Gary G. Nolan, Esq.
Nolan Perroni LLP
133 Merrimack Street
Lowell, Massachusetts 01852

*B.G.P.*

Bonnie Gillespie-Perry